**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEEANN E. ARCHULETA,<br><br>       Plaintiff-Appellant,<br><br> and<br><br>MICHAEL B. DICKENS,<br><br>       Plaintiff,<br><br>  v.<br><br>CORRECTIONS CORPORATION OF AMERICA, DBA Nevada Southern Detention Center,<br><br>       Defendant-Appellee. | No.   19-17546<br><br>D.C. No.<br>2:15-cv-01608-MMD-VCF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted October 5, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,** District
Judge.

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*     The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

LeeAnn Archuleta ("Archuleta") appeals the district court's order granting summary judgment to Corrections Corporation of America ("CCA") on her claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). Because the district court erred in concluding that Archuleta did not engage in protected activity under Title VII, we reverse and remand for further proceedings.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in protected activity; (2) she suffered a materially adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). The district court granted summary judgment to CCA because Archuleta did not demonstrate that she engaged in protected activity. We disagree.

The "protected activity" prong arises directly from the text of Title VII. An employer subject to Title VII may not discriminate against an employee because she "has opposed any practice made . . . unlawful" by Title VII. 42 U.S.C. § 2000e-3(a). "Oppose" in the statute "goes beyond active, consistent behavior in ordinary discourse, where we would naturally use the word to speak of someone

who has taken no action at all to advance a position beyond disclosing it." *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271, 277 (2009). Filing an internal complaint pursuant to an established reporting procedure, raising concerns in a discussion with a human-resources representative, or filing an EEOC complaint are all protected activities. *See, e.g.*, *Villiarimo,* 281 F.3d at 1064 (internal complaint); *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011) (human-resources complaint and discussion); *Cohen v. Fred Meyer, Inc*., 686 F.2d 793, 797 (9th Cir. 1982) (EEOC complaint). The action that the employee opposes need not actually violate Title VII; a "reasonable belief that the employment practice she protested was prohibited under Title VII" is sufficient. *Trent v. Valley Elec. Ass'n Inc*., 41 F.3d 524, 526 (9th Cir. 1994).

Archuleta was subject to an incident in which Harley Lappin ("Lappin"), CCA's Chief Operating Officer, took hold of her hand during a tour of the prison facility in which she worked, and, while looking at a ring on her finger stated, "Boy, he must really love you." Archuleta told her supervisor, the prison warden, about the incident. Although Archuleta did not file an internal complaint or initiate an investigation of the incident, her supervisor did. Archuleta participated in questioning about the incident by an outside attorney investigator. She stated to the investigator that she felt "uncomfortable" with Lappin's behavior and thought the incident had been "odd."

3

Archuleta's participation in the investigation and her description of the COO's "odd" behavior that made her feel "uncomfortable" was sufficient engagement in protected activity under Title VII to support a retaliation claim. *See Crawford*, 555 U.S. at 277 ("[A] person can 'oppose' [discrimination] by responding to someone else's question just as surely as by provoking the discussion . . ."). She gave, "an ostensibly disapproving account of . . . sexually obnoxious behavior" committed by a superior in her place of employment. *Id.* at 276. She conveyed her feelings regarding the incident through internal procedures by speaking to the warden and to the attorney investigator. *See Silver v. KCA, Inc.*, 586 F.2d 138 (9th Cir. 1978). And, although Archuleta did not use specific terminology to characterize Lappin's conduct as sexual harassment in violation of Title VII, she clearly conveyed her discomfort with it. Her view was reasonable, as evidenced by the fact that others, including the warden, determined that an investigation for sexual harassment was warranted.

The district court erred in concluding that Archuleta's subsequent written statement to the investigator stripped her initial reports to the warden and investigator of their status as "protected activity." Therefore, we reverse the district court's summary judgment ruling in favor of CCA. Because the district court did not address the other elements of Archuleta's prima facie case, we decline to do so here. On remand, the district court should address them in the first instance.

4

**REVERSED and REMANDED.**